IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:08 CR 122 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **DALE A. WALLS,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Currently pending before the Court[1] is Defendant Dale A. Walls's Motion to Compel the Government to file a Rule 35(b) motion. (Doc. 58). The Government opposes (Doc. 60), and Defendant filed a reply (Doc. 62)[2].

For the reasons set forth below, Defendant's motion is denied.

### BACKGROUND

<u>The Underlying Conviction</u>

At the Change of Plea hearing, the Government indicated that "[i]n January of 2008, the Toledo FBI received information that a computer with the user ID A-W-A-L-L-24 may have been involved in the receipt and distribution of child pornography." (Doc. 35, at 24); *see also* Revised Presentence Investigation Report ("PSR"), at ¶ 13. The FBI determined the computer was located

---

1. This case was originally assigned to District Judge Jack Zouhary, and subsequently transferred to the undersigned following Judge Zouhary's recusal. *See* Non-document entry dated September 14, 2022.
2. Defendant's reply was untimely-filed. It was due on December 8, 2022, and filed on December 13, 2022. Nevertheless, the Court has considered the arguments presented therein.

at Walls's residence, and on February 5, 2008, executed a federal search warrant there. (Doc. 35, at 24-25). After being advised of and waiving his *Miranda* rights, Walls "stated that his Google user ID name was AWALL24" and admitted his computer contained child pornography photos and videos. *Id.* at 25. That same date, Walls signed a "Consent to Assume Online Presence" form, permitting FBI agents to use his "awall24" Google Hello ID. (Doc. 58-1, at 5).

On March 3, 2008, Walls was charged with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 1), three counts of production of child pornography in violation of 18 U.S.C. § 2251(a) (Counts 2-4), and two counts of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a) (Counts 5-6). (Doc. 8). Pursuant to a plea agreement, on July 14, 2008, Walls pleaded guilty to Counts 1, 2, 3, and 5 of the indictment (Doc. 21, at 2); the Government dismissed Counts 4 and 6 at sentencing (Doc. 46, at 13). The plea agreement also included a waiver of most of Walls's appellate and post-conviction rights. *See* Doc. 21, at ¶ 8.

Judge Zouhary sentenced Walls on October 27, 2008. *See* Docs. 28, 29, 31, 46. Walls appealed, and the Sixth Circuit affirmed his sentence and dismissed the remainder of the appeal pursuant to the appellate-waiver provision of the plea agreement. *United States v. Walls*, 390 F. App'x 545 (6th Cir. 2010).

Defendant's Motion and Evidence

Walls filed the pending motion to compel on September 14, 2022. (Doc. 58). He attached documentation he received in response to a Freedom of Information Act ("FOIA") request. *See* Doc. 58-1. This documentation shows (and the Government does not challenge, *see* Doc. 60, at 4) that 22 investigations into child pornography were initiated based on the username "awall24." *See* Doc. 58-1. Each of these FBI documents states:

> **Details:** This investigation was predicated on information provided by the Tampa Division, who determined through forensic analysis of a subject hard drive that an individual using the Google Hello user name of Awall24 had exchanged child pornography with a Tampa subject. This individual was determined be Dale Allen Walls of Bryan, Ohio and information provided by Tampa was used to obtain a search warrant for Walls' residence.

(Doc. 58-1, at 10, 15, 19, 23, 27, 32, 38, 42, 51, 57, 61, 79). Each then describes the "Cleveland Investigation":

> On 2/5/2008, a search warrant was executed at . . . Walls['s] residence. Seized at this time were two computers, various disks and several video cassette tapes. Wells was interviewed and admitted possessing and producing child pornography at this time. On 2/7/2008, Walls was arrested on a criminal complaint charging possession of child pornography. On 3/5/2008, Walls was indicted by a Federal Grand Jury on counts of manufacturing, possessing, and distributing child pornography. Walls is in custody pending trial.

*Id.*[3]

## STANDARD OF REVIEW

Federal Criminal Rule 35(b) regarding correcting or reducing a sentence provides:

(b) Reducing a Sentence for Substantial Assistance.

> (1) *In General*. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
>
> (2) *Later Motion.* Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
>> (A) information not known to the defendant until one year or more after sentencing;
>>
>> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

---

[3]. One of these documents says, "Toledo Investigation" rather than "Cleveland Investigation", but the summary is the same. *See* Doc. 58-1, at 42.

3

> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
>
> (3) *Evaluating Substantial Assistance.* In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

Fed. R. Crim. P. 35(b).

"Generally, it is incumbent upon the United States Attorney for the district where a defendant was sentenced to file a substantial assistance motion seeking a sentence reduction under Rule 35. The Rule explicitly states in both (b)(1) and (b)(2) that any sentence reduction for substantial assistance originates '[u]pon the government's motion.'" *United States v. Woods*, 773 F. App'x 270, 271–72 (6th Cir. 2019). "The government's refusal to file a Rule 35(b) motion is not subject to judicial review unless the defendant makes a substantial threshold showing that the government's decision was based upon an unconstitutional motive." *United States v. Washington*, 250 F. App'x 716, 718 (6th Cir. 2007) (citing *Wade v. United States,* 504 U.S. 181, 185–86 (1992) (addressing government's refusal to seek a downward departure under USSG § 5K1.1)). "A defendant is also entitled to relief if the prosecutor's refusal to file a substantial-assistance motion is not rationally related to any legitimate Government end." *United States v. Davenport*, 465 F. App'x 500, 503 (6th Cir. 2012) (citing *Chapman v. United States,* 500 U.S. 453, 464–65 (1991)). "A defendant has a right to a hearing only if he makes a substantial threshold showing of an unconstitutional motive." *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir. 1993); *see also United States v. Moran*, 325 F.3d 790, 794 (6th Cir. 2003) ("[D]istrict courts are not required to hold hearings on Rule 35(b) motions.") (quoting *United States v. McAndrews,* 12 F.3d 273, 279 (1st Cir. 1993)).

**DISCUSSION**

Walls moves the Court to compel the Government to file a substantial assistance motion based on information he obtained in response to a FOIA request, including that 22 investigations involving child pornography were initiated based on Walls's Google Hello user ID "awall24." *See* Docs. 58; 58-1. He notes that these investigations list his case file number as the "primary case identifier" and provide a self-made list of investigative dates, fifteen of which are before Walls's October 27, 2008 sentencing, and eight of which are after (from October 30 to December 1, 2008). (Doc. 58, at 11-12). Walls also presents additional attacks on his sentence. *Id.* at 9-10.

The Government opposes the motion contending (1) any assistance Walls provided was not "substantial", as the cited investigations were based on information already known to law enforcement; (2) Walls has not satisfied the elements of Criminal Rule 35(b)(2); (3) Walls's plea agreement made no provision for a sentence reduction for substantial assistance; and (4) the Government's declining to make a Rule 35(b) motion is not based on an unconstitutional motive. *See* Doc. 60. The Government further contends the Court should not consider Walls's additional sentencing claims.

In Reply, Walls contends the Government misrepresents that the subsequent investigations were based on information already known to law enforcement because agents would not have had him sign the "Consent to Assume Online Presence" if this were true. *See* Doc. 62, at 3. He further contends that contrary to the Government's representations, there was at least one 2009 investigation that post-dated his sentence. *Id.*; *see also* Doc. 62-1, at 30-34 (documentation dated May 18, 2009).

For the reasons discussed below, the Court denies Walls's motion.

Rule 35(b)(2)

The information forming the basis for Walls's motion is that at the time of his arrest, he "assist[ed] investigators through the process of accessing all of his personal contact files and user names for known conspirators engaged in illicit activities associated with child pornography depictions, production, sharing, distribution, and enticement" and "grant[ed] permission and access to his personal account and user name, as well as, previous communications, handles, code words, and confidential communique, all in an effort to leverage law enforcement's exposure so as to open a myriad new investigations, and to further and expand upon existing investigations." (Doc. 58, at 4). The Court finds Walls has not pointed to any information that would qualify under Rule 35(b)(2).

For a Rule 35 motion filed more than one year after sentencing, as this one is, the Court may reduce a sentence if the defendant's substantial assistance involved: (A) information not known to the defendant until at least one year after sentencing; (B) information not useful to the government until at least one year after sentencing; or (C) information the usefulness of which could not have been anticipated by the defendant until at least one year after sentencing. Fed. R. Crim. P. 35(b)(2)(A-C).

The information Walls points to as forming the basis of his assistance is information he provided at the time of his arrest. But this information – however characterized – does not satisfy any of the three subsections of Rule 35(b)(2). It was known to Walls, useful to the Government, and its usefulness could have been anticipated *before* the "at least one year after sentencing" time frame required by each subsection of the rule. *See* Fed. R. Crim. P. 35(b)(2)(A-C). Although Walls characterizes his motion as based on "newly discovered evidence", the fact that he later discovered

6

how the previously-provided information may have been used does not qualify. The rule expressly contemplates information disclosed post-sentencing.

Motion to Compel

Walls has also not made "a substantial threshold showing that the government's decision was based upon an unconstitutional motive", *Washington*, 250 F. App'x at 718, or that its "refusal to file a substantial-assistance motion is not rationally related to any legitimate Government end", *Davenport*, 465 F. App'x at 503. In fact, Walls has made no specific allegations regarding motive.

In *Washington*, the Sixth Circuit found no abuse of discretion in the district court's denial of the defendant's motion to compel where: (1) the plea agreement did not contemplate, nor was there any other agreement, that the Government would file a Rule 35(b) motion; (2) an AUSA in a different district contacted the AUSA in the sentencing court and detailed assistance defendant provided, but did not request a Rule 35(b) motion be filed; and (3) "although he has pointed to a potentially unconstitutional motive, [the defendant] has offered no evidence that the Tennessee AUSA's refusal to file a Rule 35(b) motion on his behalf was not based on a separate and distinct constitutional motive the government offered". 250 F. App'x at 718.

The same factors are equally true if not stronger here. First, the plea agreement in this case did not contemplate a Rule 35(b) motion (*see* Doc. 21), nor is there any other evidence of such an agreement. Second, no AUSA in any case arising out of any of the cited investigations recommended such a motion be filed. And third, Walls has not pointed to any evidence of an unconstitutional motive, and the Government has fully explained its motive for not filing such a motion – that the information provided (at least the "awall24" username) was information already

in possession of the Government prior to any contact with Walls, and it did not consider him to have provided substantial assistance.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Walls's Motion to Compel (Doc. 58), be and the same hereby is, DENIED.[4]

s/ <i>James R. Knepp II</i><br>
UNITED STATES DISTRICT JUDGE

---

4. As the Court denies Plaintiff's motion, it need not reach his other arguments regarding a resentencing.